UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIE KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV286 CDP |
| | ) | |
| BOONE CENTER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

Marie Kaufman originally brought this case in the Circuit Court of St. Charles County, Missouri against her former employer, Boone Center, Inc. (BCI), and its Executive Director, Charles Blossom. Kaufman claims that BCI terminated her in retaliation for complaints she made and based on her gender and pregnancy. The defendants removed the case to this Court asserting federal question jurisdiction. Kaufman has filed a motion to remand, arguing that she brings only state-law claims. The defendants argue that she has raised a federal question because she attached her EEOC/MHCR Charge of Discrimination, which alleged a federal claim, to her state-court petition. Because neither Kaufman's claim nor her right to relief require resolution of a federal question I will grant her Motion to Remand.

## Background

After Kaufman was terminated from BCI, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). She received a Right to Sue letter from the MCHR and then filed this case in the Circuit Court of St. Charles County, Missouri. The defendants timely removed and filed a motion to dismiss. On February 24, 2011, I granted Kaufman an extension of time to reply to the Motion to Dismiss until after she had the opportunity to file a Motion to Remand. On March 4, 2011, Kaufman filed a Motion for Leave to Amend her Complaint, and on March 15, 2011, Kaufman filed a Motion to Remand.

## Discussion

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are only authorized to hear cases as provided by the United States Constitution or by statute. The Eighth Circuit has instructed district courts to "be attentive to satisfaction of jurisdictional requirements in all cases," *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), and so the threshold issue must always be jurisdiction. A defendant may remove an action from state court to federal district court if the action is within the court's original jurisdiction. 28 U.S.C. § 1441(b). Here, the

defendants removed on the basis of federal question jurisdiction.  A defendant seeking removal and opposing remand has the burden of establishing proper jurisdiction.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  And any doubts about the propriety of removal are to be resolved in favor of remand.  *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Federal question jurisdiction exists in "all actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, specifically those actions where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 908 (8th Cir. 2005) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Whether a defendant may remove a case based on federal question jurisdiction is determined by the "well- pleaded complaint" rule.  *Franchise Tax Bd.*, 463 U.S. at 9.  Under the well-pleaded complaint rule, a case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint.  *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar*, 482 U.S. at 392.  Federal-question jurisdiction cannot be created by an actual or anticipated federal

defense, *Franchise Tax Bd.*, 463 U.S. at 14 or a counter-claim, *Northport Health Serv. of Ark., LLC v. Rutherford*, 605 F.3d 483, 488 (8th Cir. 2010) (quoting *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002)).

Nowhere on the face of the state-court petition does Kaufman reference federal law. In fact, each count references a Missouri statute, specifically provisions within the Missouri Human Rights Act, Mo. Rev. Stat. § 213.101, *et seq*. (MHRA). Kaufman chose to file her petition in Missouri state court. "In general, federal courts give considerable deference to the plaintiff's choice of forum." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). While that rule is not without limitation, "the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 503 (1947). Kaufman does, however, incorporate by reference her EEOC/MCHR Charge. That charge stated that she made an informal complaint to Blossom indicating that BCI's alleged exclusion of eligible disabled workers from its tax shelter under 26 U.S.C. § 403(b) was unethical and that other actions of BCI violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. (ADA). It also stated that the defendants had violated her rights under "state and federal law."

The defendants claim that Kaufman's incorporation by reference of the EEOC/MCHR Charge was broad enough to encompass a federal question because

that document mentioned federal law. In support of that argument the defendants site to *Bell v. Bryson*, No. 8:07-CV-267. 2007 WL 2822755 (D. Neb. filed Sept. 25, 2007). In *Bell*, a pro se plaintiff submitted a complaint where the statement of the claim section only stated that he had been fired. The Complaint later directed the court to an EEOC Charge of Discrimination he had attached to his Complaint. The court reviewed the Complaint under 28 U.S.C. § 1915(e), which allows a court to dismiss a complaint filed in forma pauperis at any time if it is frivolous, malicious, or fails to state claim. In conjunction with a § 1915(e) review the court is required to give the complaint the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and weigh all allegation in favor of the plaintiff, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Under those standards, the *Bell* court found that the plaintiff's complaint could not be dismissed because he asserted, in his attached EEOC Charge, that he was engaged in protected activities, suffered an adverse employment action, and the protected activity was casually linked to the adverse employment action. *Bell*, 2007 WL 2822755, at *1. In so holding, the court cited language from Fed. R. Civ. P. 10(c), which states that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion[,]" and "[a] copy of the written instrument that is an exhibit to the pleading is part of the pleading for all purposes." In other words, the court gave the pro se plaintiff

the benefit of liberal construction in finding that he had at least alleged a prima facie case of retaliation by referencing and attaching his EEOC Charge.

Kaufman's case is distinguishable because she is not a pro se plaintiff, her EEOC/MCHR Charge only alleges the elements of claims under Missouri law, and the jurisdictional standards that govern here are not the same as the standard under § 1915(e).  While the face of Kaufman's petition only references Missouri law, her EEOC/MCHR Charge stated that she made an informal complaint to Blossom alleging that exclusion of eligible disabled workers from the BCI tax shelter was unethical and that other actions of BCI violated the ADA.  "To establish a prima facie case of discrimination under the ADA, a plaintiff must show she: (1) has an ADA-qualifying disability; (2) is qualified to perform the essential functions of the job, with or without a reasonable accommodation; and (3) suffered adverse employment action." *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1034 (8th Cir. 2007) (internal citation omitted).  Neither Kaufman's EEOC/MCHR Charge nor her petition allege that she is disabled or the remaining elements of an ADA claim.

Instead, the references to disabled persons and the ADA serve as simply as allegations explaining her retaliation claim, which is made under state law. Kaufman only needs to prove that she was retaliated against for complaining about a violation of the law – she does not need to prove that defendants actually

violated the underlying federal law. She has carefully crafted her claims to be raised exclusively under state law. Defendants have not shown that "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Biscanin*, 407 F.3d at 908 (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28). Although Kaufman mentions the tax shelter and the ADA, this case does not "arise under" any federal law.

Further, Kaufman is not required to affirmatively state that she will not pursue a claim under federal law. Although plaintiffs may avoid removal by limiting the amount of damages they seek or stating that they are relying solely on state law, *Caterpillar*, 482 U.S. at 389, such statements are not a prerequisite for remaining in state court. Again, the "well-pleaded complaint" rule ordinarily requires the federal question to appear on the face of the complaint, *Chaganti*, 470 F.3d at 1220 (internal citation and quotation omitted), and the standard for remand requires that any doubts about the propriety of removal be resolved in favor of remand, *In re Business Men's Assur. Co. of Am.*, 992 F.2d at 183. Because it is Kaufman's right to select the forum of her choice and she has done so procedurally correctly by citing to Missouri law that provides a remedy for the alleged violations of her rights, I will not deprive her of that choice.

I will decline to rule on the pending Motion to Amend and Motion to Dismiss because when a case is remanded to state court for lack of jurisdiction,

the district court lacks jurisdiction to make any substantive rulings. *Vincent v. Dakota, Minn. & E.R.R. Corp.*, 200 F.3d 580, 582 (8th Cir. 2000). Finally, I will exercise my discretion not to require defendants to pay plaintiff's attorneys fees caused by the improvident removal. Plaintiff should have immediately filed a motion to remand; instead she filed motions to stay and to amend, and in doing so she unnecessarily complicated and delayed the remand of the case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand [#16] is **GRANTED** and the Clerk of Court shall Remand this case to the Circuit Court of St. Charles County, Missouri from which it was removed.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2011.